IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Civil Action No. 5:93CR43
                                                      (STAMP)

JAMES TYRONE PUGH,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RE-SENTENCING
AND DENYING AS MOOT MOTION TO EXPEDITE HEARING
FOR RE-SENTENCING PURSUANT TO 18 U.S.C. § 3582**

    The defendant in the above-styled criminal action entered into a plea agreement with the United States in October 1994 wherein the defendant pled guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). As a result of this guilty plea, this Court sentenced the defendant to 135 months of incarceration to be followed by 48 months of supervised release. The defendant completed his original sentence and was released from the custody of the United States Bureau of Prisons to commence his term of supervised release on or about September 21, 2004.

    In August 2005, a petition was filed to revoke the defendant's term of supervised release because he was convicted of manslaughter in Ohio County, West Virginia, a violation of the conditions of his supervised release. This Court subsequently revoked the defendant's term of supervised release and sentenced him to fifteen months imprisonment for violating the terms and conditions of

supervised release. After the defendant was granted parole on this manslaughter conviction in May 2011, he began to serve his fifteen month sentence for violation of supervised release. He is currently serving this sentence.

On August 1, 2011, the defendant filed a motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2). In support of this motion, the defendant asserts that he is entitled to a sentence reduction as a result of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. at 2372 (2010). The FSA reduced the disparity between sentences imposed as a result of criminal conduct related to powder cocaine and those related to cocaine base, or crack cocaine. The defendant also filed a motion to expedite a hearing on the motion for re-sentencing. The United States responded, arguing that the defendant is not entitled to a sentence reduction under the FSA because he is not currently serving a sentence for a crack cocaine violation, but is rather serving a sentence for violation of the terms and conditions of supervised release. After review of the facts of this case and the applicable law, this Court agrees with the United States that the defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582 and the FSA.

The FSA only reduces sentences imposed as a result of crack cocaine violations. While the defendant's original sentence was imposed based upon a crack cocaine violation, his current sentence was imposed due to a violation of the terms of his supervised

release, specifically due to his state conviction for voluntary manslaughter and being a felon in possession of a firearm. Title 18, United States Code, Section 3582(c) only allows courts to modify a term of imprisonment when a defendant "has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." The defendant's current sentence was based upon a sentencing range not for a crack cocaine violation, but for violations of the terms of supervised release, which range was not lowered by the FSA.

Further, U.S.S.G. § 1B1.10, the United States Sentencing Guideline which permits courts to lower terms of imprisonment under the FSA, explicitly disallows a reduction of this defendant's sentence under the FSA. This guideline provides that "only a term of imprisonment imposed as part of the original sentence is authorized to be reduced by this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. Manual § 1B1.10, Application Note 5(A) (revised Nov. 1, 2011).

Accordingly, this Court finds that the defendant is not currently serving a sentence based upon a crack cocaine violation. Rather, the defendant's current sentence is based upon a violation of the terms and conditions of supervised release, and because the sentencing range upon which the defendant's current sentence was based was not lowered by the FSA, the defendant is not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c). See United

States v. Davenport, No. 5:03CR21, 2011 U.S. Dist. LEXIS 133202 (W.D. Ky. Nov. 17, 2011); United States v. Akins, No. 96-CR-20070, 2012 U.S. Dist. LEXIS 16231 (C.D. Ill. Feb. 9, 2012). The defendant's motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) is thus DENIED. The defendant's motion to expedite hearing of motion for re-sentencing pursuant to § 3582 is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein, to the United States Marshals Service, and to the United States Probation Office.

DATED:    June 6, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE